UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GEICO CORPORATION,<br><br>Defendant. | Civil Action No. 10-01420 (JDB) |

## MEMORANDUM OPINION

Plaintiff Rodney Williams ("Williams") brings this action against his former employer, the Government Employees Insurance Company ("GEICO"), alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112. GEICO has filed a motion to dismiss for insufficient service of process and, in the alternative, moves to dismiss or transfer for improper venue. For the reasons explained below, the Court will deny the motion to dismiss and instead will transfer this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

**I.    Factual Background**

Williams worked as a systems technician for GEICO from June 2008 until April 2009. Compl. ¶ 9 [Docket Entry 1]. In early 2009, Williams was hospitalized three times for complications relating to congestive heart failure, and he was forced to miss several days of work. Id. ¶¶ 10-12. On April 8, 2009, Williams called in sick to work. Id. ¶ 16. GEICO

1

terminated his employment the following day.  Id.  Williams alleges that GEICO fired him because of his medical disabilities.  Id. ¶ 18.

Williams has exhausted his administrative remedies.  Id. ¶ 2.  He alleges that he filed a claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of his termination from GEICO on April 9, 2009.  Id. ¶ 6, 17.  He further alleges that the EEOC issued him a right-to-sue notice on May 25, 2010 and that he filed his claim in district court within 90 days from receipt of the notice.  Id.

The parties agree that defendant is a Maryland corporation.  Def.'s Mot. to Dismiss or Transfer Venue ("Def. Mot.") [Docket Entry 3] at 2.  Nonetheless, Williams alleges that his "employment was based in the District of Columbia" and that "the decision to terminate his employment[] occurred in the District of Columbia."  Compl. ¶ 8.  GEICO, on the other hand, asserts that Williams worked at its headquarters in Chevy Chase, Maryland, throughout his employment with the company and that all decisions concerning his employment occurred in Maryland.  Def. Mot. at 2.

The affidavit of service filed by Williams states that he served defendant at 1 GEICO Plaza in Chevy Chase, Maryland.  Aff. Service [Docket Entry 2].   Plaintiff hired a process server, who states that he informed the guard on duty at GEICO headquarters that he was there to serve process on GEICO.  Carter Decl. ¶ 2, Pl. Opp'n to Def. 's Mot. to Dismiss or Transfer ("Pl. Opp'n"), Ex. A [Docket Entry 4-1].   According to the process server, the guard called the general counsel's office, and a woman came to meet him who reviewed the summons and

complaint, gave the process server her name, and accepted the documents. Id. ¶ 3-4. He claims the woman said she was a "legal officer" with GEICO.[1]

The affidavit of Estela Turlik ("Turlik") filed by defendant states that Turlik is an executive secretary in GEICO's general counsel's office and that she received the summons and complaint from a man in GEICO's lobby on September 2, 2010. Turlik Aff. ¶¶ 3, 8-10, Def. Mot., Ex. 1 [Docket Entry 3-2]. It further states that the man did not identify himself. Id. ¶ 9. Turlik asserts she has no say in the operations, management, or business decisions of GEICO and is not an agent authorized by appointment or law to receive service of process. Id. ¶¶ 6-7.

## STANDARD OF REVIEW

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002)). The court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings, Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4, (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright et al., Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006) ("[W]hen [an] objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper

---

[1] The affidavit of service filed by plaintiff states that the process server left the summons and complaint with "Estella T—[,] legal office," Aff. Service (emphasis added), not "legal officer." This distinction, however, does not change the Court's analysis.

venue."). Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law.

## DISCUSSION

**I.** **Venue**

Defendant moves to dismiss or transfer plaintiff's claim for improper venue. Def. Mot. at 4; see Fed. R. Civ. P. 12(b)(3). The Rehabilitation Act and Americans with Disabilities Act adopt the special venue provision of Title VII of the Civil Rights Act of 1964. 29 U.S.C. § 794(d); 42 U.S.C. § 12117(a). Title VII's venue provision "limit[s] venue to the judicial district concerned with the alleged discrimination," Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969), and permits venue in up to four different jurisdictions:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Defendant contends that the District of Maryland, rather than the District of Columbia, is the only proper venue for this action. See Def. Mot. at 4. The Court agrees.

**A.** **Where the Alleged Unlawful Employment Practice Was Committed**

Here, the alleged unlawful employment practice occurred when GEICO terminated Williams' employment. In his complaint, plaintiff alleges the decision to terminate his employment was made in the District of Columbia. Compl. ¶ 2. GEICO avers that this decision was in fact made in Maryland. Def. Mot. at 4; Carter Aff. ¶ 11, Def. Mot., Ex. 2 [Docket Entry 3-3]. Williams, in opposing GEICO's motion, does not refute this. See Pl. Opp'n 7. "It is well

4

understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Laukus v. United States, 691 F. Supp. 2d 119, 127 (D.D.C. 2010); accord Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."). Hence, the Court finds that the decision to terminate plaintiff's employment occurred in Maryland and that venue in this district is improper under Title VII's first venue provision.

B.   Where the Relevant Employment Records are Maintained

GEICO also asserts that the records concerning plaintiff's employment are housed in Chevy Chase, Maryland. Def. Mot. at 4; Carter Aff. ¶ 10. Williams does not contest this. See Pl. Opp'n at 7. Hence, venue in the District of Columbia is improper under Title VII's second venue provision as well.

C.   Where Plaintiff Would Have Worked but for the Alleged Unlawful Employment Practice

Williams alleges his employment "was based" in the District of Columbia, Compl. ¶ 8, but GEICO asserts that he worked at GEICO's headquarters in Chevy Chase, Maryland throughout his employment. Def. Mot. at 4; Carter Aff. ¶ 9. Once again, in his opposition to defendant's motion, Williams not dispute this. See Pl. Opp'n 7. The Court finds that Williams would have worked at GEICO's office in Chevy Chase, Maryland had he not been fired. Hence, venue in the District of Columbia is also improper under the third venue provision.

D.   Judicial District in which Defendant has its Principal Office

The Court may only consider venue in the location of the defendant's principal office "if the respondent is not found within [a district in the first three categories]." 42 U.S.C. § 2000e-

5

5(f)(3). GEICO is a Maryland corporation with its principal place of business in Maryland. Carter Aff. ¶ 5. Because GEICO can be found in a judicial district described by the first three provisions of § 2000e-5(f)(3), the Court need not consider the fourth venue provision of Title VII. But if the Court were to do so, it would conclude that venue is improper in the District of Columbia because GEICO's principal office is in the District of Maryland.

E.     Venue is Improper in the District of Columbia

Williams contends that venue is proper in the District of Columbia because GEICO holds a subsidiary corporation in the District of Columbia[2] and because GEICO's business in the District of Columbia subjects it to personal jurisdiction in the District. Pl. Opp'n at 7. These arguments are unavailing. Even if GEICO held a subsidiary corporation in the District of Columbia, neither owning a subsidiary entity in a judicial district nor transacting business in a judicial district is sufficient to establish venue under Title VII. See 42 U.S.C. § 2000e-5(f)(3). And even under the general venue statute -- which is not applicable here -- establishing personal jurisdiction over a defendant would not establish proper venue. See 28 U.S.C. § 1391. Accordingly, the Court concludes that venue in this district is improper.

**II.    Transfer or Dismissal**

When venue is improper, the district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see Sharp Elecs. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1230 (D.C. Cir. 1981). The decision whether to dismiss or transfer "in the interest of justice" is committed to the sound discretion of the district court. Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interest of justice requires transferring such cases

---

[2] GEICO denies having any facility in the District of Columbia. Def. Mot. at 2.

to the appropriate judicial district rather than dismissing them. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); James v. Booz-Allen, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

To determine whether the interest of justice necessitates transfer, a court may consider whether any relevant statutes of limitations will preclude re-filing if the court dismisses the case. E.g., Ebron v. Dep't of the Army, 2011 U.S. Dist. LEXIS 17411, at *11 (D.D.C. Feb. 23, 2011). Under EEOC regulations, if an individual's claim arises in a state with an agency dedicated to processing employment discrimination claims, the individual has 300 days to file from the date of the alleged violation. 29 C.F.R. § 1601.13(a)(4). The EEOC then provides aggrieved individuals with a "right-to-sue" notice that permits them to sue their employer in court within 90 days of receiving the notice. §§ 1601.28(a), (e). Because his claim arose in Maryland and because that state has a qualified agency to process employment discrimination claims for disability, see 29 C.F.R. § 1601.80 (designating the Maryland Commission on Human Relations as certified by the EEOC), Williams is entitled to the 300-day filing window. Plaintiff alleges full compliance with all pertinent statutory and regulatory filing periods. See Compl. ¶ 6. The Court notes that dismissing Williams' complaint might time-bar him from re-filing in the District of Maryland because of the EEOC's 90-day filing requirement.

Given the presumption in favor of transfer over dismissal, see Goldlawr, 369 U.S. at 466-67, and the prospect of time-barring Williams if the case is dismissed, the Court concludes that the interest of justice requires transfer. A court may transfer a case to any federal district in which the plaintiff could originally have brought the action. 28 U.S.C. § 1406(a). Here, the only judicial district where venue is proper is the District of Maryland. Hence, the Court will transfer this case to the District of Maryland.

**III.     Insufficient Service of Process**

GEICO has also moved to dismiss the complaint for insufficient service of process. Def. Mot. at 3; Fed. R. Civ. P. 12(b)(5). Proper service of process "is not some mindless technicality." Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987)). The requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). Valid service of process is necessary to assert personal jurisdiction over a defendant. Cambridge Holdings Grp. v. Fed. Ins. Co., 489 F.3d 1356, 1361 (D.C. Cir. 2007) ("[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act . . . ."). Service of process also notifies the defendant that a party has commenced legal action against it. Zen Music, Inc. v. CVS Corp., 1998 U.S. Dist. LEXIS 20197, at *4-5 (S.D.N.Y. Dec. 30, 1998).

To satisfy constitutional requirements, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mulane v. Cent. Handover Bank & Trust Co., 339 U.S. 306, 314 (1950). Actual receipt of notice is not necessary, Dusenbery, 534 U.S. at 171, but is constitutionally sufficient, United Student Aid Funds v. Espinosa, 130 S. Ct. 1367, 1378 (2010). Fulfilling the constitutional requirements for notice, however, does not necessarily satisfy the notice requirements imposed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4.

Service on a corporation may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The law is clear

8

that "the party on whose behalf service is made has the burden of establishing its validity when challenged." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987); Norlock v. City of Garland, 768 F.2d 654, 656 (D.C. Cir. 1985) ("Once the validity of service of process has been contested, the plaintiff 'must bear the burden of establishing its validity.'") (quoting Aetna Bus. Credit v. Universal Decor, 635 F.3d 434, 435 (5th Cir. 1981)); Paolone v. Mueller, 2006 U.S. Dist. LEXIS 56101, at *6-7 (D.D.C. Aug. 11, 2006); accord Zen Music, 1998 U.S. Dist. LEXIS 20196, at *4 ("The plaintiff bears the burden of establishing validity of service when it is challenged."). Hence, Williams must establish that he effected proper service on GEICO.

Delivering a summons and complaint to a corporate representative who is not an officer, a managing or general agent, or an agent authorized to accept service fails to satisfy the requirements of Rule 4(h). Mantis v. Cult Awareness Network, 1993 U.S. Dist. LEXIS 2083, at *3 (D.D.C. Feb. 26, 1993) (finding insufficient service of process on a corporation when summons and complaint left at receptionist's desk); see Norris v. District of Columbia Gov't, 2008 U.S. Dist. LEXIS 117854, at *24-25 (D.D.C. Aug. 1., 2008) (finding insufficient service of process on a public university when mail room clerk signed for a Federal Express package not addressed to an officer or agent of the university). "Service of a federal lawsuit is a vitally important matter that is not entrusted to low level employees who may not know what action must be promptly taken to defend and protect the corporation's legal interests." Taylor v. Stanley Works, 2002 U.S. Dist. LEXIS 26892, at *14 (E.D. Tenn. July 16, 2002).

Here, the parties do not dispute that Turlik lacked actual authority to receive service of process of behalf of GEICO. Instead, Williams contends that service of process was effected by serving a person with apparent authority to accept on behalf of a corporate defendant. See Pl. Opp'n at 6-7; Clipper v. Frank, 704 F. Supp. 285, 287 (D.D.C. 1989). A plaintiff bears the

burden of showing that "the process server had cause to believe that the party was authorized to receive service." Whitehead v. CBS/Viacom, 221 F.R.D. 1, 3 (D.D.C. 2004) (granting motion to dismiss for insufficient service of process under Rule 4(h)(1) when the plaintiff served an individual corporate representative not authorized to receive service of process).

In Clipper, service of process was properly effected when a secretary looked at the summons and complaint and inaccurately stated she was authorized to accept the documents before the process server served her. Clipper, 704 F. Supp. at 287 ("Plaintiff should not be penalized for the purportedly inaccurate representation by one of [defendant's] employees."); accord Wilen I.Y.M. L.C. v. Colter & Peterson, Inc., 1998 U.S. Dist. LEXIS 20927, at *4 (D.N.J. Sept. 24, 1998) (finding service of process sufficient when corporate secretary inaccurately stated she was authorized to accept service on defendant's behalf). But unlike in Clipper, Turlik did not expressly claim authority to accept service of process. Williams avers that Turlik neither refused service nor expressly indicated she was unauthorized to accept service. Pl. Opp'n at 6-7. A failure to disavow authority to accept service of process, especially when one was never asked if she held such authority, does not demonstrate that one represented herself as having authority.

The plaintiff must use "due diligence before service of process to determine the proper agent and to conform to the requirements of the rule." Whitehead, 221 F.R.D. at 3 (noting that timely calls to corporate headquarters or the Secretary of State to inquire as to the proper agent for service of process could indicate due diligence); see also Backenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993) (finding that even repeated attempts at service by post did not show "reasonable diligence" under Rule 4). Here, Williams makes no assertion that he used due diligence to comply with the rule. The process server could have, at the very least, asked Turlik if she was authorized to accept service of process. Accordingly, the Court concludes that

Williams' service of process failed to meet the statutory requirements of Federal Rule of Civil Procedure 4(h).[3]

IV. **Authority to Transfer**

Because service was improper, this Court lacks personal jurisdiction over defendant and ordinarily would be powerless to proceed with the case. See Mann v. Castiel, 729 F. Supp. 2d 191, 195 (D.D.C. 2010) ("Without valid service of summons or a waiver of service, the Court cannot establish proper venue and personal jurisdiction over the defendants, and the case may not proceed."). "Absent proper service of process, the court may not exercise personal jurisdiction over the defendants named in the complaint." Domingo v. District of Columbia, 536 F. Supp. 2d 18, 22 (D.D.C. 2008). Under the "usual practice" in federal district court, a finding that service has not been properly effected would end the matter. Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997).

Transfer, however, is unusual. Even absent personal jurisdiction over a defendant, federal courts may transfer cases under 28 U.S.C. § 1406(a) in order to "remove[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); see Cameron v. Thornburg, 983 F.3d 253, 257 (D.C. Cir. 1993) (transferring case pursuant to Goldlawr when venue was improper and when personal jurisdiction was "likely" missing). Goldlawr "authorizes the transfer of [a] case[] [under 28 U.S.C. § 1406(a)] . . . whether the court in which it was filed had personal jurisdiction or not." Goldlawr, 369 U.S. at 466. Hence, the Court has authority to

---

[3] Williams maintains that service is reasonable under 39 U.S.C. § 1208(e). Pl. Opp'n at 7. That statute, inapplicable here, pertains to service of process upon an officer or agent of a labor organization in the context of disputes between the U.S. Postal Service and labor organizations.

11

transfer this action even though personal jurisdiction is lacking for insufficiency of service of process.

The interests of justice weigh in favor of transfer. Dismissal of this suit to re-file the action in the District of Maryland, where venue is proper, might time-bar plaintiff under the 90-day statute of limitations. The Title VII venue provision expressly refers to transfer of matters, pursuant to 28 U.S.C. §1406(a), which is a provision that was enacted to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions" and plaintiffs "losing a substantial part of its cause of action under the statute of limitations." Goldlawr, 369 U.S. at 466. Accordingly, transfer of this case for resolution in the court with proper venue is appropriate.

## CONCLUSION

For the foregoing reasons, the Court will transfer this action to the United States District Court for the District of Maryland and will deny defendant's motion to dismiss for improper venue and for insufficient service of process. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: June 20, 2011